The Court, having considered the case and arguments, were unanimously of opinion, that the letters of administration, granted by the archbishop of York, were not a sufficient authority to maintain an action in this commonwealth ; and gave
Judgment for the defendant, (a)

 In McCullough v. Young, 1 Binn. 63 (also reported in 4 Dall. 293), it was said by the court, that the act of 1705 “has uniformly been considered not to extend further than to the provinces in this country at the time the act was passed, and Graeme v. Harris turned upon that ground.[1] At the same time, it has been as uniformly understood, both before and since the revolution, that letters of administration granted in a sister state, are a sufficient authority to maintain an action here; and such has been the practice without regard to the particular intestate laws of the state where they have been granted.”[2] This practice of recognising the authority of letters of administration granted m another state, is believed to be peculiar to Pennsylvania. At least, so far as the reports furnish information, a similar degree of faith and credit is not given to such *471 records in any other state. The inconveniences of the practice are obvious and frequently felt. In the argument of McCullough v. Young, Judge Hopicinson (then at the bar) suggested, that, upon the principle of recognising administration granted in another state, the personal property of an intestate, in this commonwealth, and which is the proper fund for payment of his debts here, might bo taken away and applied in direct contravention of our own rules ; and he instanced the case of the adjoining state of Delaware; where, at the time of the argument, and until a recent period, the law directed that creditors residing within the state should be first satisfied. The court seemed to admit that the practice of acknowledging the authority of foreign letters was productive of inconvenience, but they added, that -the remedy lay with the legislature. Since that decision (1808), the inconveniences have certainly not been diminished by the increased numbei of states, and this consideration, as well as a due regard to the dignity of the state, seems plainly to require legislative interposition.

 Be-affirmed in Alfonso’s Executors’ Appeal, 70 Penn. St. 347, where it was determined, that the executors of a decedent, whose domicil was in Cuba, had no authority, under letters testamentary granted in Cuba, to transfer stocks in Pennsylvania.

 The case of McCullough v. Young was overruled in Sayre v. Helme, 61 Penn. St. 299.

 Thompson v. McClelland, 29 Penn. St. 475. But the holder of an assigned claim must show th at it was assigned to him, before suit brought. Speers v. Sterrett, Id. 192. And see Russell v. Spear, 4 W. N. C. 476; Kessler v. Angle, 3 Id 23.